IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN BRUNO MOUNTAIN WATCH,<br><br>    Plaintiff,<br><br>  v.<br><br>CYPRESS AMLOC LAND CO., et al.,<br><br>    Defendants.<br>_____/ | No. C-04-03385 EDL<br><br>**ORDER DENYING WITHOUT PREJUDICE CALCO DEFENDANTS' MOTION TO DISMISS, STAYING ACTION WITH REGARD TO PLAINTIFF'S UNFAIR COMPETITION CLAIMS AND VACATING HEARING** |

      On August 18, 2004, Plaintiff San Bruno Mountain Watch, a non-profit corporation dedicated to the preservation, protection and restoration of San Bruno Mountain and its unique resources, brought this citizen enforcement action under the Federal Water Pollution Control Act, 33 U.S.C. § 1251, et. seq. and California Business & Professions Code § 17200, et seq. The complaint seeks relief for Defendants' alleged unlawful discharge of pollutants from its Class III Waste Disposal Facility into waters of the United States, including Colma Creek and the San Francisco Bay, in violation of, *inter alia*, California Business and Professions Code § 17200, et seq., and Waste Discharge Requirements Order 97-009 issued by the Regional Water Quality Control Board. See Compl. ¶ 11.

      On April 5, 2005, Defendants Cypress Amloc Land Co., Cypress Abbey Co., Jeff Terry and Thomas Atwood (collectively "CALCO Defendants") brought this motion to dismiss the five claims under California Business and Professions Code § 17200, et seq., arguing that Plaintiff lacked standing because of the limitations imposed by Proposition 64, passed in November 2004. See Cal. B&P Code § 17203; Notice of Lodgment Exh. B.

1    The California Supreme Court recently granted review of the majority of state appellate court opinions addressing the issue disputed here: whether Proposition 64 applies to cases pending as of the date of its enactment.  See <u>Californians for Disability Rights v. Mervyn's</u>, 126 Cal.App.4th 386 (2005), <u>review granted</u>, 2005 DJDAR 4863 (April 27, 2005); <u>Branick v. Downey Savings and Loan</u>, 126 Cal.App.4th 828 (2005), <u>review granted</u>, 2005 DJDAR 4855 (April 27, 2005); <u>Benson v. Kwikset Corp.</u>, 126 Cal.App.4th 887 (2005), <u>review granted</u>, 2005 DJDAR 4857 (April 27, 2005); <u>Bivens v. Corel Corp.</u>, 126 Cal.App.4th 1392 (2005), <u>review granted</u>, 2005 DJDAR 4856 (April 27, 2005); <u>Lytwyn v. Fry's Electronics</u>, 126 Cal.App.4th 1455 (2005), <u>review granted</u>, 2005 DJDAR 4860 (April 27, 2005).  Because the California Supreme Court has granted review and is expected to provide a definitive answer to this question, the Court believes that it would be best for this federal court to wait for its decision rather than attempt to predict the outcome.

The Court therefore denies without prejudice the CALCO Defendants' motion to dismiss and stays the portion of this action based on California Business and Professions Code § 17200, et seq. When the California Supreme Court rules on this matter, a new motion to dismiss may be appropriate, but to take any action on the CALCO Defendants' motion now would be premature. Meanwhile, this matter shall proceed as scheduled on Plaintiff's other claims.  The hearing on the CALCO Defendants' motion to dismiss scheduled for May 10, 2005 is vacated.

**IT IS SO ORDERED.**

Dated: May 4, 2005

                                            ELIZABETH D. LAPORTE
                                            United States Magistrate Judge

United States District Court
For the Northern District of California