LEWIS BRISBOIS BISGAARD & SMITH LLP
RUSSELL J. CALLISON (SBN 095670)
SARAH K. GOLDSTEIN (SBN 197343)
One Sansome St., Suite 1400
San Francisco, CA  94104
Tel:   (415) 362-2580
Fax:   (415) 434-0882

LEWIS BRISBOIS BISGAARD & SMITH LLP
PETER L. GARCHIE      (SBN 105122)
550 West C St., Suite 800
San Diego, CA  92101
Tel:   (619) 233-1006
Fax:   (619) 233-8627

Attorneys for Defendants
CYPRESS AMLOC LAND COMPANY, INC.,
CYPRESS ABBEY COMPANY,
JEFF TERRY and THOMAS ATWOOD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| SAN BRUNO MOUNTAIN WATCH,<br><br>Plaintiff,<br><br>v.<br><br>CYPRESS AMLOC LAND COMPANY, INC., CYPRESS ABBEY COMPANY, AMLOC COMPANIES, INC., JEFF TERRY, THOMAS ATWOOD, GUS PEDEMONTE, and BRENT EDWARDS,<br><br>Defendants. | CASE NO. C 04-3385 EDL<br><br>AS MODIFIED<br>STIPULATED PROTECTIVE ORDER ^<br>RE: CONFIDENTIAL AND<br>PROPRIETARY DOCUMENTS AND<br>INFORMATION |

**THE PARTIES TO THIS LAWSUIT**, by and through their respective attorneys of record, do hereby stipulate and agree to the following Protective Order to govern the treatment of confidential documents and testimony concerning such documents produced in discovery in this case.

**WHEREAS:**

1.     The parties are engaged in discovery in this case which may involve the production of documents, the inspection of tangible things, the answering of interrogatories and requests to

1 admit, and the taking of oral and/or written depositions;

2.   In the course of that discovery, certain trade secret, proprietary, financial, and/or confidential documents, materials, and/or information may be produced by the parties or by third persons or entities;

3.   The parties are interested in permitting discovery to proceed without delay occasioned by possible disputes about the trade secret, proprietary, financial, and/or confidential nature of documents, materials, and/or information;

4.   Defendants seek to preserve the trade secret, proprietary, financial, and/or confidential nature of documents, materials and/or information of their respective clients;

5.   Defendants seek to limit the disclosure of such trade secret, proprietary, financial, and/or confidential documents, materials, and/or information;

6.   Good cause exists for the issuance of this Protective Order; and

This Protective Order is limited to and only covers the above-captioned case in which discovery is being conducted.

**IT IS, THEREFORE, ORDERED:**

A.   <u>Definitions</u>: The following definitions shall apply for purposes of this Protective Order:

1   The term "Confidential Material" shall include documents and correspondence, materials and/or information relating to or conveying trade secrets, proprietary information, financial information, or otherwise confidential information, that Defendants derive independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. "Confidential Material" may include information produced and/or inspected pursuant to any document request, request for inspection, subpoena, or order in this case, and/or contained or disclosed in deposition testimony, interrogatory answers, exhibits, responses to requests for admissions, or briefs, pleadings and/or memorandums filed with the Court if it meets

1  the criteria set forth above. "Confidential materials" may include documents, materials, and
2  information that is reproduced, paraphrased, summarized, or otherwise duplicated.
3      2    The term "Person" shall mean any natural person, and any corporation,
4  partnership, association, or other entity.
5      3    The term "Party" shall mean the plaintiff in this case SAN BRUNO
6  MOUNTAIN WATCH or defendants CYPRESS AMLOC LAND COMPANY, INC., CYPRESS
7  ABBEY COMPANY, AMLOC COMPANIES, INC., JEFF TERRY, THOMAS ATWOOD.
8      4.    All designations of Confidential Material shall be made on a good faith basis
9  with sufficient foundation. By making a confidential designation, the designating party and its
10 counsel shall be deemed to certify that a good faith basis exists for the designation, and the
11 information sought to be protected constitutes a "trade secret or other confidential research,
12 development, or commercial information".
13     5    However, notwithstanding paragraph 4 above, a confidential designation shall
14 create no presumption or inference concerning its propriety and, if challenged, the applicable
15 Defendant producing the challenged document retains the burden of proof to establish good cause
16 and entitlement to protection.
17   B.    <u>Designation of Confidential Material</u>
18     1.    <u>Documents</u>: Each page of any document containing Confidential Material
19 shall be marked prominently "Confidential Material," "Confidential Information" or "Confidential,"
20 or "Subject to Protective Order." The markings apply to documents produced, exhibits, discovery
21 requests and/or responses, and all other documents or materials that may be produced.
22     2.    <u>Deposition Testimony</u>: Counsel for any Party or for a witness may orally on
23 the record designate deposition testimony or exhibits as "Confidential Material" during the course of
24 a deposition. All deposition testimony will be treated in its entirety as Confidential Material for a
25 period of thirty (30) days after receipt of the transcript. Prior to the expiration of the thirty (30)
26 days, counsel for any Party or for a witness may designate any portion of the deposition or exhibits
27 as Confidential Material by advising counsel for all parties of the page and lines of the deposition
28 that are deemed Confidential Material, or exhibits that are Confidential Material. All exhibits used

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104-4431
TELEPHONE (415) 362-2580

1 at any deposition which have previously been deemed subject to a protective order and any
2 testimony related to such exhibits shall be presumptively covered by this protective order without
3 the need for further designation. After the expiration of the thirty (30) days, all other portions of the
4 Deposition will not be treated as Confidential Material.

5       3.    <u>Other Materials</u>: All other materials and/or information may be designated as
6 Confidential Material by either an appropriate marking on the materials and/or information, or by
7 advising the other party in writing of the designation as Confidential Material.
8 A party that seeks to file under seal any Confidential Material must comply with Local Rule 79-5.   C.    <u>Filing Confidential Material with the Court</u>: All motions, pleadings, memorandums,
9 briefs, exhibits, appendices, discovery responses or requests, and any other documents or papers
10 which contain Confidential Material and are filed with the Court, shall be filed under seal (in a
11 sealed envelope) and shall be labeled with the caption of the action, a description of the contents of
12 the documents, materials, and/or information contained in the sealed portions, and labeled with the
13 following statement:

14               ***FILED UNDER SEAL PURSUANT TO***
15               ***TERMS OF PROTECTIVE ORDER***

16     Such material shall be kept sealed by the Clerk of the Court, with access limited to the Court,
17 its employees, and counsel for the parties. Confidential portions of such Court filed documents,
18 materials, and/or other information may be filed separately in a sealed envelope.

19       D.    <u>Protection of Information</u>: Except with the prior written consent of the Party
20 designating the document, material, and/or information as Confidential Material, Confidential
21 Material may not be disclosed to any Person other than:

22       1.    A Party, including any officer, director, employee, agent, or representative of
23 or attorney for a Party who is involved in this lawsuit or assisting in the prosecution or defense of
24 this lawsuit;

25       2.    The Court, its staff, and employees;

26       3.    Counsel of record for a Party and their legal associates, paralegals, and office
27 staff;

28       4.    Outside experts and consultants retained or consulted for the purpose of

assisting a Party in the preparation and trial of this case.  Such individuals to whom Confidential Materials are disclosed and/or otherwise provided must sign and execute an Agreement to be Bound, which is Attached as **Exhibit A**;

        5.      Court reporters transcribing testimony in this case and notarizing officers;

        6      Witnesses being deposed, so long as they execute the Agreement to be Bound, which is attached as **Exhibit A** and

    E.    <u>Discovery from Third Parties</u>:  When documents, materials, and/or information is sought in discovery from any Person who is not a Party, a Party or a non-Party who has a claim of confidentiality may designate such documents, materials, and/or information as Confidential Material under this Order.

    F.    <u>Inconsistent Designations</u>:  If a Party produced multiple identical copies of a document in this case and one, but not the others, has been designated as Confidential Material, the document and all copies thereof shall be treated as Confidential Material until a determination is made by the parties or the Court.  This provision shall not apply to documents produced in other cases which were not then designated and marked as Confidential Material.

    G.    <u>Protection of Confidential Material</u>:  Confidential Material shall not be exhibited, reproduced, disseminated, described, made available for inspection or copying in kind, nor shall the same be disclosed, in whole or in part in any other manner to any person other than those persons designated above.  Furthermore, the information contained in the Confidential Material, whether from the documents themselves or deposition testimony, reports, charts, letters, drawings, designs, or other communication wherein information from within the statements is mentioned, analyzed, discussed or referred to shall not be further released, disclosed, discussed or used beyond that which is specifically provided for herein except upon the prior written order of this Court.

    H.    <u>Use of Confidential Material</u>:  All Confidential Material shall be used and disclosed solely for purposes of the preparation, trial, and any appeal of case and shall not be used or disclosed for any other purpose, unless ordered by this Court.

    I.    <u>Challenging Confidentiality Designations</u>:  Any Party may challenge the propriety of a designation of Confidential Material by objecting in writing within Thirty (30) days after the

1  document, material, and/or information has been produced or designated. The designating party
2  must respond in writing to the challenge within thirty (30) days. Before seeking judicial relief, the
3  parties shall attempt to resolve the dispute in good faith and on an informal basis. If the dispute as
4  to the designation is not resolved, the Party challenging the designation must seek judicial resolution
5  within thirty (30) days after the designating party has responded to the written objection, as set forth
6  above. The failure to timely seek such judicial resolution shall be deemed a waiver of the challenge
7  to the confidentiality designation. In response to any challenge, the designating party shall have the
8  burden of proof to establish good cause for inclusion of material within this Protective Order. The
9  designation as Confidential Material continues pending a judicial determination that the
10  Confidential Material designation is not allowed for the particular document or testimony subject to
11  the challenge. The parties recognize that excessive and unjustified use of the Confidentiality
12  designation may very well result in lost time and resources to the party opposing confidentiality.
13  Further, unjustified challenges to the designation process may result in loss of the Court's and
14  parties' time and resources. Therefore, should the Court determine that any party or their counsel
15  has improperly designated or challenged a designation, the Court may impose the sanctions set forth
16  in paragraph L, *infra*.

17   J.   Scope of this Order: Nothing in this Order shall:
18     1.   Restrict the right of any Party to use any Confidential Material in any hearing
19          or trial of this case; subject to any further orders the Court may enter;
20     2    Prevent any Party or Person from objecting to discovery that it believes is
21          improper;
22     3    Preclude any Party from seeking any further or additional protection for
23          Confidential Material not provided in this Order;
24     4.   Preclude any party or person from seeking relief from any provisions of this
25          Protective Order based upon substantially changed circumstances;
26     5.   Preclude this Court from modifying this Protective Order based upon the
27          motion of any party or affected person, or the petition of any non-party
28          seeking access to the materials covered by this Protective Order; and

   6. Preclude or prevent any party from objecting to the use of or admissibility at trial of any protected document or testimony.

  K. <u>Conclusion of Action</u>: This Protective Order shall continue to remain in effect even after the conclusion and dismissal of this action. Within 30 days after the entry of an order dismissing this case, and the expiration of any appeal therefrom, the written and signed acknowledgments required hereunder, shall be gathered up by counsel for Plaintiff/Defendants and thereafter delivered to opposing counsel, who will then combine the same with the written and signed acknowledgments relative to the documents disseminated by counsel pursuant to this Order. If the Confidential Materials or their contents are not admitted as part of the evidence at a hearing or a trial or have not otherwise been made public, all such confidential records and the authorized copies thereof, covered by this Protective Order, shall be gathered up by counsel for Plaintiff/Defendants and thereafter delivered to opposing counsel, who will then combine the same with all copies thereof. Thereafter, counsel for Plaintiff/Defendants shall each execute an affidavit or affidavits stating (a) all copies of Confidential Material have been returned; (b) no additional copies other than those returned were made; (c) that counsel did not disclose, copy, disseminate or distribute the information to any person or entity other than those persons hereby authorized to receive the same and who surrendered their copies and who in turn submitted or turned the same over; and (d) that counsel did not retain all or any portion of the Confidential Material provided pursuant to this order in any form, including but not limited to digital, pictorial or electronic copies or synopses of all or portions thereof.

**APPROVED AS TO FORM AND CONTENT:**

DATED: October 25, 2005   ENVIRONMENTAL ADVOCATES

By: *Christopher A. Sproul*

---
CHRISTOPHER ALAN SPROUL
Counsel for Plaintiff
SAN BRUNO MOUNTAIN WATCH

LEWIS, D'AMATO, BRISBOIS & BISGAARD LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

DATED: October 25, 2005        LEWIS BRISBOIS BISGAARD &SMITH, LLP

By: _____
RUSSELL J. CALLISON
Attorneys for Defendants
CYPRESS AMLOC LAND COMPANY, INC.
CYPRESS ABBEY COMPANY, JEFF TERRY
And THOMAS ATWOOD

**ORDER**

**Good Cause, appearing IT IS SO ORDERED**

DATED: October 25, 2005

*IT IS SO ORDERED AS MODIFIED*
*Judge Elizabeth D. Laporte*

_____
HON. ELIZABETH D. LAPORTE

**EXHIBIT A**

**AGREEMENT TO BE BOUND**

I, _____, have read the Protective Order entered in the case of *San Bruno Mountain Watch v. Cypress Amloc Land Company, Inc., Cypress Abbey Company, Amloc Companies, Inc., Jeff Terry, Thomas Atwood, Gus Pedemonte, and Brent Edwards*, United States District Court, Northern District of California Case No. C 04-3385 EDL.

I understand its terms and conditions and agree to abide by its terms and conditions.

Signature: _____

Print Name: _____

Dated: _____

**San Bruno Mountain Watch v. Cypress Amloc Land Company, et al.**
U.S. District Court - Northern District of California
Case No.:  C-04-3385 EDL

PROOF OF SERVICE

STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

I am employed in the City and County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action.  My business address is One Sansome Street, Suite 1400, San Francisco, California 94104.

On October 25, 2005, I served the following document described as

**STIPULATED PROTECTIVE ORDER RE:  CONFIDENTIAL AND PROPRIETARY DOCUMENTS AND INFORMATION**

on all interested parties in this action, enclosed in sealed envelopes addressed as follows:

SEE ATTACHED SERVICE LIST

(BY MAIL, 1013a, 2015.5 C.C.P.)

I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 25, 2005, at San Francisco, California.

_____
Nancy Lew-Pham

4831-2415-2832.1

## SERVICE LIST

| | |
|---|---|
| Christopher Alan Sproul, Esq.<br>Environmental Advocates<br>5135 Anza Street<br>San Francisco, CA 94121<br>Tel.: (415) 533-3376<br>Fax: (415) 358-5695<br>**Attorneys for Plaintiff**<br>**SAN BRUNO MOUNTAIN WATCH** | Brian Gaffney, Esq.<br>Law Offices of Brian Gaffney<br>605 Market Street, Suite 505<br>San Francisco, CA 94105<br>Tel.: (415) 442-0711<br>Fax: (415) 442-0713<br>**Attorneys for Plaintiff**<br>**SAN BRUNO MOUNTAIN WATCH** |
| Jeff David Hoffman, Esq.<br>Law Office of Jeff D. Hoffman<br>132 Coleridge Street, Suite B<br>San Francisco, CA 94110-5113<br>Tel.: (415) 285-7735<br>Fax: (415) 920-1731<br>**Attorneys for Plaintiff**<br>**SAN BRUNO MOUNTAIN WATCH** | Donald E. Sobelman<br>Kathryn L. Martin<br>Barg Coffin Lewis & Trapp LLP<br>One Market, Steuart Tower, Suite 2700<br>San Francisco, California 94105-1475<br>Telephone: (415) 228-5400<br>Facsimile: (415) 228-5450<br>*Cumis* **Counsel for**<br>**CYPRESS AMLOC LAND COMPANY, INC.** |