IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN BRUNO MOUNTAIN WATCH,<br><br>      Plaintiff,<br><br>  v.<br><br>CYPRESS AMLOC LAND CO., et al,<br><br>      Defendants.<br>_____/ | No. C-04-03385 EDL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO BIFURCATE** |

Plaintiff San Bruno Mountain Watch, a non-profit corporation dedicated to the preservation, protection and restoration of San Bruno Mountain and its unique resources, brought this citizen enforcement action under the Federal Water Pollution Control Act ("Clean Water Act"), 33 U.S.C. §§ 1251, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901, et seq. and California Business & Professions Code §§ 17200, et seq. against Defendants Cypress Amloc Land Company, Cypress Abbey Company, Amloc Companies, Jeff Terry and Thomas Atwood. Plaintiff seeks an order bifurcating the liability and remedy phases of this case pursuant to Federal Rule of Civil Procedure 42(b):

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim . . . always preserving inviolate the right of trial by jury as declared by the Seventh Amendment of the Constitution or as given by a statute of the United States.

Bifurcation under Rule 42(b) is discretionary. Hirst v. Gertzen, 676 F.2d 1252, 1261 (9th Cir. 1982). When deciding whether to bifurcate, a court should consider: (1) whether separate trials would be in furtherance of convenience; (2) whether separate trials would avoid prejudice; (3) whether separate trials would serve judicial economy; (4) whether separate trials would reduce the risk of jury confusion; and (5)

whether the issues are clearly separable. See William W. Schwarzer, Civil Procedure Before Trial, § 16:160.4 (The Rutter Group 2005).

On balance, Plaintiff has met its burden of establishing that bifurcation is appropriate in this case. Bifurcation would be in furtherance of convenience and would serve judicial economy. If the trier of fact concludes that Defendants have no liability, there will be no need to conduct discovery or hear evidence on purely remedial issues, which are likely to be complex in this environmental case. To the extent that Defendants are found liable for any of the claims, discovery and the presentation of evidence in the remedy phase, particularly as to injunctive relief, but also as to any civil penalties, can be focused on remediation of the liability that was actually found. Indeed, bifurcation is often ordered in environmental cases. See, e.g., Northwest Environmental Advocates v. City of Portland, 56 F.3d 979, 982 (9th Cir. 1995).

Although the parties dispute whether Plaintiff is entitled to a jury trial as to liability, they agree that the remedy phase under both the Clean Water Act and RCRA will be tried to the Court. Therefore, bifurcation will not risk jury confusion, inconvenience any jury or require separate juries.

Separate trials will not cause prejudice to any party. Defendants argue that they would be prejudiced by potentially having to take two depositions of many of the same witnesses, once for the liability phase and once for the remedy phase. However, the initial deposition during the liability phase will be shorter because the issues are limited, and if the trier of fact finds no liability, Defendants will avoid second depositions altogether. Further, discovery on remedies is separable from discovery on liability.

The issues are clearly separable in this case. Defendants argue that the issues are not separable because the substance of the testimony regarding liability will overlap with testimony relevant to remedies. For example, Defendants say that one of the substantive issues for determination at trial will be whether Defendants have used the Best Management Practices to control the pollutants in storm water runoff and that testimony about this liability issue overlaps with some of the factors that the Court must consider under the Clean Water Act in setting the amount of civil penalty. See 33 U.S.C. § 1319(d) ("In determining the amount of a civil penalty, the court shall consider the seriousness of the violation or violations, the economic benefit (if any) resulting from the violation, any history of such violations, any good-faith efforts to comply with the applicable requirements, the economic impact of the penalty on the violator, and such other matters as justice may require."). Plaintiff argues that the Clean Water Act imposes strict liability, so the factors to

2

be analyzed for the remedies are not relevant for liability. See 33 U.S.C. § 3311(a) (strict liability of Clean Water Act). Even if there is some overlap, the Court is not convinced that the overlap would be so substantial as to warrant denial of the motion to bifurcate. Furthermore, the Court will hear the evidence in the first phase and would not need to have it repeated in the second phase to the extent that it is also relevant to remedy.

Accordingly, Plaintiff's motion to bifurcate is granted. At this time, the case will proceed on liability issues under the Clean Water Act and RCRA. However, any discovery that is even arguably related to both liability and remedy must be conducted during the liability phase.

The parties shall notify the Court no later than December 2, 2005 as to whether they want a referral to a settlement conference with a magistrate judge.

Defendants shall file any motion to strike Plaintiff's jury demand no later than December 6, 2005. After the Court determines the issue, or if Defendants do not file such a motion, immediately after the deadline passes the parties shall meet and confer and jointly propose a tentative schedule for discovery and trial of the remedy phase.

No later than ten calendar days after the California Supreme Court issues its opinion on whether Proposition 64 applies to cases pending as of the date of its enactment, the parties shall notify the Court of that decision.

**IT IS SO ORDERED.**

Dated: November 3, 2005

ELIZABETH D. LAPORTE
United States Magistrate Judge